# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Tuffaloy Products, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Huys Industries, Limited, )<br>)<br>Defendant. ) | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Tuffaloy Products, Inc. alleges:

## THE PARTIES

1. Plaintiff is a South Carolina corporation, doing business in Greenville County, South Carolina.

2. Upon information and belief, Defendant Huys Industries, Limited is a Canada corporation with a principal place of business at 175 Toryork Drive, Unit 35, Toronto, Ontario, Canada.

3. Plaintiff and Defendant are direct competitors in the resistance welding equipment business.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to *28 U.S.C. §§ 1331, 1332*, and *1338(a)*. This Court has personal jurisdiction over Defendant, including because Defendant has committed acts of infringement in violation of the Patent Act, *35 U.S.C. § 101*, *et seq.*, as amended, and including because Defendant has placed infringing products into the stream of commerce, through established distribution

channels, with the knowledge and/or understanding that such products are used and sold in this District.  Defendant is also subject to the jurisdiction of this Court under South Carolina's "long arm statute," *South Carolina Code Ann. §§ 36-2-802* and *-803*.

5. Venue is proper in this District pursuant to *28 U.S.C. §§ 1391*.

## GENERAL ALLEGATIONS

6. Plaintiff has been and is engaged in the design, manufacturing, and sale of a variety of resistance welding products, including welding caps.  Among its most popular items is its FINNCAP™ electrode, which includes internal "fins."  The FINNCAP™ electrode allows welding operations at lower amperages, which lengthens the useful life of the electrodes and which also allows the user to reduce electrode tip dressing, resulting in increased productivity, energy savings, and reduced cost per weld.

7. Plaintiff is the owner of U. S. Patent No. 8,299,388, issued by the United States Patent and Trademark Office on October 30, 2012, entitled, "Finned Resistance Spot Welding Electrode" (hereinafter referred to as "the '388 Patent").  A true and correct copy of the '388 patent is attached hereto as Exhibit A.  The '388 patent is directed to Plaintiff's FINNCAP™ electrode.

8. Defendant has been and is engaged in the sale in the United States of welding electrodes that have internal fins.  Examples of Defendant's electrodes are depicted in the images below, showing the internal fins:

2



End View



Bisected, Perspective View

3

## **PATENT INFRINGEMENT**

9. Defendant has been and is infringing, contributorily infringing, and/or inducing others to infringe the '388 Patent, either literally or under the Doctrine of Equivalents, by making, causing to be made, using, causing to be used, offering for sale, causing to be offered for sale, selling, causing to be sold, importing, and/or causing to be imported, without license or authority, finned resistance spot welding electrodes as claimed in the '388 Patent.

10. Defendant has willfully infringed and, upon information and belief, will continue to willfully infringe upon claims of the '388 Patent unless this Court enjoins Defendant's infringement.

11. As a result of Defendant's infringement of the '388 Patent, Plaintiff has been damaged.

12. Plaintiff is entitled to monetary damages adequate to compensate Plaintiff for Defendant's infringement and to increased damages pursuant to *35 U.S.C. § 284*, together with interest, costs, and attorneys fees, and is entitled to an injunction against Defendant from further infringement of the '388 Patent.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendant has infringed the claims of the '388 Patent;

b. Permanently enjoining Defendant, and those in active concert and/or participating with Defendant, from infringing the '388 Patent;

c. Requiring an accounting for damages arising from Defendant's infringement of the '388 Patent;

4

d. Awarding damages adequate to compensate Plaintiff for the infringement of the '388 Patent, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by *35 U.S.C. § 284*;

e. That the infringement of the '388 Patent was and is willful, and an award to Plaintiff of increased damages in accordance with *35 U.S.C. § 284*;

f. Declaring that this is an exceptional case and that Plaintiff be granted reasonable attorneys fees in accordance with *35 U.S.C. § 285*; and

g. Such other and additional relief to the Plaintiff as the Court deems just and proper.

Respectfully submitted,

Nexsen Pruet, LLC

January 6, 2015

*s/ Timothy D. St.Clair*
Timothy D. St. Clair (Fed. ID # 4270)
P. O. Drawer 10648
Greenville, South Carolina 29603
Telephone: (864) 282-1181
Facsimile: (864) 477-2634
E-Mail:  tstclair@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF